McGREGOR W. SCOTT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00240-MCE |
| Plaintiff, | STIPULATION TO EXTEND MOTION BRIEFING SCHEDULE AND CONTINUE TRIAL; ORDER |
| v. | TRIAL DATE: May 18, 2020 |
| NOE FELIX GUADALUPE, | TIME: 9:00 a.m. |
| | COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant Noe Felix Guadalupe, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter is set for a three-day jury trial beginning on May 18, 2020. (ECF No. 27.) Pursuant to this same order, pretrial motions were to be filed by February 20, 2020; oppositions are to be filed by March 12, 2020; and reply briefs are to be filed by March 19, 2020. (ECF No. 27.) A pretrial motions hearing is currently set for April 9, 2020, and a trial confirmation hearing is currently set for April 23, 2020. (ECF No. 27; ECF No. 29.)

2. By this stipulation, the parties now move to (i) vacate the current trial date, pretrial motion briefing schedule, pretrial motions hearing, and trial confirmation hearing; (ii) set a three-day jury trial to begin on January 25, 2021, with a trial confirmation hearing on December 17, 2020; and (iii) exclude time between May 18, 2020, and January 25, 2021, under Local Code T4 to give counsel

reasonable time to prepare for trial and to avoid denying the defendant continuity of counsel.

3. By this stipulation, the parties further move the Court to order that (i) any pretrial motions brought pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure be filed by October 15, 2020; (ii) any opposition to any pretrial motions be filed by October 29, 2020; (iii) any reply briefs be filed by November 5, 2020; and (iv) a pretrial motion hearing be set for November 12, 2020.

4. The parties agree and stipulate, and request that the Court find the following:

a) On February 20, 2020, the defendant filed a motion to dismiss the indictment. (ECF No. 30.) This motion took the form of a collateral attack on the defendant's original removal order, which was issued in 1999. (*See* ECF No. 30 at 5–6.) The motion argued that the immigration court that conducted the defendant's 1999 removal proceeding never had jurisdiction to order the defendant removed from the United States, because it appeared at the time of the motion's submission that the defendant was never served with a notice of hearing informing him of the date and time of his 1999 removal hearing. (ECF No. 30 at 8–9.)

b) On March 5, 2020, the government discovered the existence of a document that appears to be a notice of hearing relating to the defendant's 1999 removal hearing. The government obtained this documentary evidence and promptly provided it to counsel for the defendant.

c) Based on this newly discovered evidence, the defendant wishes to prepare a renewed motion to dismiss the indictment that takes into account the recent discovery of this notice of hearing from 1999. This will require defense counsel to spend additional time researching the defendant's underlying criminal history, the defendant's immigration history, and the applicable law, in addition to time needed to prepare the motion itself. Furthermore, and in light of the recently discovered evidence, counsel for the defendant desires additional time to discuss pretrial motion and trial strategy with her client and to otherwise prepare for trial.

d) In addition to the newly discovered and produced evidence referenced above, the government previously produced discovery in the form of 166 Bates-stamped pages of material consisting of documents relating to the defendant's immigration history, his contacts with immigration authorities, and his criminal history. This previously produced discovery also

1 | consists of an audio recording of the defendant's 1999 removal proceeding. This discovery was
2 | produced directly to defense counsel and made available for inspection and copying if requested.

e) Defense counsel is scheduled to be in trial on other pending criminal matters in the spring and summer of 2020. Specifically, defense counsel has previously set trials in July, August, and September, and anticipates at least two other matters will be set for speedy trial in 2020. In addition to preparing for trial in the instant case, counsel for the defendant will be engaged in extensive preparation for these other upcoming criminal trials as well. One of Mr. Guadalupe's attorneys will also experience a period of unavailability for trial in the latter half of 2020 due to anticipated medical issues.

f) Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g) Counsel for the defendant also believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel.

h) The government does not object to the continuance.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 18, 2020 to January 25, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 16, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: March 16, 2020

/s/ CHRISTINA SINHA
CHRISTINA SINHA
MIA CRAGER
Counsel for Defendant
NOE FELIX GUADALUPE

**ORDER**

IT IS SO ORDERED.

Dated: March 19, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE