| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | SAM STEFANKI<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile:  (916) 554-2900 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE FELIX GUADALUPE,<br><br>Defendant. | CASE NO. 2:18-CR-00240-MCE<br><br>STIPULATION TO EXTEND MOTION BRIEFING SCHEDULE AND CONTINUE TRIAL; FINDINGS AND ORDER<br><br>TRIAL DATE: January 25, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Noe Felix Guadalupe, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter is set for a three-day jury trial beginning on January 15, 2021. ECF No. 33. Pretrial motions are currently set to be filed by November 19, 2020. ECF No. 34; ECF No. 35. A trial confirmation hearing is set for December 17, 2020. ECF No. 34; ECF No. 35.

2. The defendant now moves to (i) vacate the current trial date, pretrial motion briefing schedule, and trial confirmation hearing; (ii) set a three-day jury trial to begin on June 28, 2021, with a trial confirmation hearing on June 3, 2021; and (iii) exclude time between January 15, 2021, and June 28, 2021, under Local Code T4 to give counsel reasonable time to prepare for trial and to avoid denying Guadalupe continuity of counsel.

///

///

3.  The parties agree and stipulate, and request that the Court find the following:

   a) On February 20, 2020, Guadalupe's counsel filed a motion to dismiss the indictment in this case.  ECF No. 30.  Guadalupe's motion argued that the immigration court that conducted his 1999 removal proceeding was without jurisdiction to order him removed from the United States, because it appeared at the time of the motion's submission that Guadalupe was not served with a notice of hearing informing him of the date and time of his 1999 removal hearing.  ECF No. 30 at 8–9.

   b) On March 5, 2020, the government discovered the existence of a document that appears to be a notice of hearing informing Guadalupe of the date and time of his 1999 removal proceeding; the document is dated approximately one month after the date that appears on the "Notice to Appear."  The government obtained this documentary evidence and promptly provided it to Guadalupe's counsel.  In light of these events, the Court reset the trial date and extended the deadline for Guadalupe to file a motion to dismiss the indictment.  *See* ECF No. 33.

   c) The legal import of a two-step notification procedure in removal proceedings—a procedure used in Guadalupe's case—is an evolving question of law.  The Supreme Court recently heard oral argument in *Niz-Chavez v. Barr*, No. 19-863 (Nov. 9, 2020), a case expected to decide the effect in some removal proceedings of a notification procedure similar to that used to inform Guadalupe of his 1999 removal hearing.  And at least one other pending criminal case in the Ninth Circuit presents a question relevant here—whether a notice to appear in immigration proceedings that does not contain the address of an alien's removal hearing can be cured by a supplemental notice of hearing that does provide this information.  *See* Brief for the United States as Appellant at 2, *United States v. Ramos-Urias*, No. 19-10138 (9th Cir. Oct. 29, 2019).

   d) Accordingly, defense counsel desires additional time to research and explore the applicability of *Niz-Chavez*, *Ramos-Urias*, and other relevant authority prior to filing a potentially dispositive motion to dismiss the indictment in this case.  Furthermore, and in light of the recently discovered evidence relating to Guadalupe's 1999 removal proceeding, defense counsel desires additional time to discuss pretrial motion and trial strategy with her client and to otherwise prepare for trial.

    e) Defense counsel is scheduled to be in trial on other pending criminal matters in the early months of 2021.  Specifically, Guadalupe's counsel has previously set trials in the first week of February and for three weeks in April.  In addition to preparing for trial in the instant case, defense counsel will be engaged in extensive preparation for these other upcoming criminal trials as well.

    f) Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Defense counsel also believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel.

    g) The government does not object to the continuance.

    h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 15, 2021 to June 28, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
///
///
///
///
///

STIPULATION AND ORDER REGARDING TRIAL SCHEDULING

3

5. By this stipulation, the parties further request that the Court set the following schedule for all pretrial motions, with the exception of motions *in limine*:

    a) All pretrial motions, except for motions *in limine*, shall be filed by April 8, 2021;

    b) Any opposition to the above shall be filed by April 22, 2021;

    c) Any reply to the above shall be filed by April 29, 2021;

    d) A hearing on pretrial motions, except for motions *in limine*, is set for May 13, 2021, at 10:00 a.m.;

    e) A trial confirmation hearing is set for June 3, 2021, at 10:00 a.m.

IT IS SO STIPULATED.

Dated: November 16, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: November 16, 2020

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
NOE FELIX GUADALUPE

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated: November 17, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE