PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00240-MCE |
|---|---|
| Plaintiff, | STIPULATION TO EXTEND MOTION BRIEFING SCHEDULE AND CONTINUE TRIAL; ORDER |
| v. | TRIAL DATE: June 28, 2021 |
| NOE FELIX GUADALUPE, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Noe Felix Guadalupe, by and through his counsel of record, hereby stipulate as follows:

1.  By previous order, this matter is set for a three-day jury trial beginning on June 28, 2021. ECF No. 37. Pretrial motions are currently set to be filed by April 8, 2021. ECF No. 37. A trial confirmation hearing is set for June 3, 2021. ECF No. 37.

2.  The defendant now moves to (i) vacate the current trial date, pretrial motion briefing schedule, and trial confirmation hearing; (ii) set a three-day jury trial to begin on April 4, 2022, with a trial confirmation hearing on March 3, 2022; and (iii) exclude time between June 28, 2021, and April 4, 2022, under Local Code T4 to give counsel reasonable time to research motions and to prepare for trial.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  On February 20, 2020, Guadalupe's counsel filed a motion to dismiss the indictment in this case. ECF No. 30. Guadalupe's motion argued that the immigration court that

STIPULATION AND ORDER REGARDING TRIAL SCHEDULING

1

conducted his 1999 removal proceeding was without jurisdiction to order him removed from the United States, because it appeared at the time of the motion's submission that Guadalupe was not served with a notice of hearing informing him of the date and time of his 1999 removal hearing. ECF No. 30 at 8–9.

  b) On March 5, 2020, the government discovered the existence of a document that appears to be a notice of hearing informing Guadalupe of the date and time of his 1999 removal proceeding; the document is dated approximately one month after the date that appears on the "Notice to Appear." The government obtained this documentary evidence and promptly provided it to Guadalupe's counsel. In light of these events, the Court reset the trial date and extended the deadline for Guadalupe to file a motion to dismiss the indictment. *See* ECF No. 33.

  c) The legal import of a two-step notification procedure in removal proceedings—a procedure used in Guadalupe's case—is an evolving question of law. The Supreme Court is presently considering *Niz-Chavez v. Barr*, No. 19-863 (Nov. 9, 2020), a case expected to decide the effect in some removal proceedings of a notification procedure similar to that used to inform Guadalupe of his 1999 removal hearing. And at least one other pending criminal case in the Ninth Circuit presents a question relevant here—whether a notice to appear in immigration proceedings that does not contain the address of a noncitizen and nonresident's removal hearing can be cured by a supplemental notice of hearing that does provide this information. *See* Brief for the United States as Appellant at 2, *United States v. Ramos-Urias*, No. 19-10138 (9th Cir. Oct. 29, 2019).

  d) Accordingly, defense counsel desires additional time to research and explore the applicability of *Niz-Chavez*, *Ramos-Urias*, and other relevant authority prior to filing a potentially dispositive motion to dismiss the indictment in this case. Furthermore, and in light of the recently discovered evidence relating to Guadalupe's 1999 removal proceeding, defense counsel desires additional time to discuss pretrial motion and trial strategy with her client and to otherwise research and prepare for motions litigation and trial.

  e) Due to the Court closure in the wake of the ongoing COVID-19 pandemic, defense counsel has numerous trial matters for in-custody clients that are anticipated to be

STIPULATION AND ORDER REGARDING TRIAL SCHEDULING

2

scheduled as soon as the Court's reopening is announced.  These trials will take priority over this matter, due both to their timing and the detention status of defense counsel's clients in those cases.  In addition to preparing for motion litigation and trial in the instant case, defense counsel will be engaged in extensive preparation for these other upcoming criminal trials as well.

      f)      Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Defense counsel also believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel.

      g)      The government does not object to the continuance.

      h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 28, 2021 to April 4, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
///
///
///
///
///
///

STIPULATION AND ORDER REGARDING TRIAL SCHEDULING

3

     5.     By this stipulation, the parties further request that the Court set the following schedule for all pretrial motions, with the exception of motions *in limine*:

     a)     All pretrial motions, except for motions *in limine*, shall be filed by January 20, 2022;

     b)     Any opposition to the above shall be filed by February 3, 2022;

     c)     Any reply to the above shall be filed by February 10, 2022;

     d)     A hearing on pretrial motions, except for motions *in limine*, is set for February 17, 2022, at 10:00 a.m.;

     e)     A trial confirmation hearing is set for March 3, 2022, at 10:00 a.m.

     f)     A jury trial will be held from April 4 through April 6, 2022.

IT IS SO STIPULATED.

Dated:  April 5, 2021                         PHILLIP A. TALBERT
                                           Acting United States Attorney

                                         By:  /s/ SAM STEFANKI
                                                SAM STEFANKI
                                                Assistant United States Attorney

Dated:  April 5, 2021                         /s/ CHRISTINA SINHA
                                           CHRISTINA SINHA
                                           Counsel for Defendant
                                           NOE FELIX GUADALUPE

**ORDER**

IT IS SO ORDERED.

Dated:  April 9, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE