PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE FELIX GUADALUPE,<br><br>Defendant. | CASE NO. 2:18-CR-00240-TLN<br><br>STIPULATION AND ORDER REGARDING TRIAL SETTING |

**STIPULATION**

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Noe Felix Guadalupe, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a three-day jury trial beginning on April 4, 2022. ECF No. 39. The case was recently reassigned and all pending dates vacated. ECF No. 40.

2. The parties now move to set a one-week jury trial to begin on August 15, 2022, at 9:00 a.m., with a trial confirmation hearing on July 14, 2022, at 9:30 a.m., and to exclude time under the Speedy Trial Act between April 4, 2022, and August 15, 2022, under Local Code T4 to give counsel reasonable time to research motions and to prepare for trial.

3. On February 20, 2020, Guadalupe's counsel filed a motion to dismiss the indictment in this case. ECF No. 30. Guadalupe's motion argued that the immigration court that conducted his 1999 removal proceeding was without jurisdiction to order him removed from the United States, because it

appeared at the time of the motion's submission that Guadalupe was not served with a notice of hearing informing him of the date and time of his 1999 removal hearing.  ECF No. 30 at 8–9.

4. On March 5, 2020, the government discovered the existence of a document that appears to be a notice of hearing informing Guadalupe of the date and time of his 1999 removal proceeding; the document is dated approximately one month after the date that appears on the "Notice to Appear."  The government obtained this documentary evidence and promptly provided it to Guadalupe's counsel.  In light of these events, the Court reset the trial date and extended the deadline for Guadalupe to file a motion to dismiss the indictment.  *See* ECF No. 33.

5. The legal import of a two-step notification procedure in removal proceedings—a procedure used in Guadalupe's case—is an evolving question of law:

    a) In April, the Supreme Court held that, "[t]o trigger the stop-time rule, the government must serve 'a' notice containing all the information Congress has specified." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021).

    b) In July, the Ninth Circuit held that in the context of removal proceedings, "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *United States v. Bastide-Hernandez*, 3 F.4th 1193, 1196 (9th Cir. 2021).  However, the defendant in *Bastide-Hernandez* filed a petition for rehearing *en banc*, which has been pending since the summer.  *See* Appellant's Response to Appellee's Renewed Pet. for Reh'g *En Banc*, No. 19-30006 (9th Cir. Aug. 30, 2021).

    c) Accordingly, defense counsel desires additional time to research and explore the applicability of *Niz-Chavez*, *Bastide-Hernandez*, and other relevant authority prior to filing a potentially dispositive motion to dismiss the indictment in this case.  Furthermore, and in light of the recently discovered evidence relating to Guadalupe's 1999 removal proceeding, defense counsel desires additional time to discuss pretrial motion and trial strategy with her client and to otherwise research and prepare for motions litigation and trial.

    d) Due to the Court closure in the wake of the ongoing COVID-19 pandemic, defense counsel has numerous trial matters for in-custody clients that are anticipated to be

scheduled in 2022. These trials will take priority over this matter, due both to their timing and the detention status of defense counsel's clients in those cases. In addition to preparing for motion litigation and trial in the instant case, defense counsel will be engaged in extensive preparation for these other upcoming criminal trials as well.

  e) Defense counsel believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense counsel also believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel.

  f) The government does not object to the continuance.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 4, 2022, to August 15, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
///
///
///
///
///
///

7. By this stipulation, the parties further request that the Court set the following schedule for all pretrial motions, with the exception of motions *in limine*:

    a) All pretrial motions, except for motions *in limine*, shall be filed by May 5, 2022;

    b) Any opposition to pretrial motions shall be filed by June 2, 2022;

    c) Any replies shall be filed by June 16, 2022.

IT IS SO STIPULATED.

Dated: November 21, 2021　　　　　　　　　PHILLIP A. TALBERT
　　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　By: /s/ SAM STEFANKI
　　　　　　　　　　　　　　　　　　　　　　SAM STEFANKI
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Dated: November 21, 2021　　　　　　　　　/s/ CHRISTINA SINHA
　　　　　　　　　　　　　　　　　　　　　　CHRISTINA SINHA
　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　　　NOE FELIX GUADALUPE

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 23rd day of November, 2021.

　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　United States District Judge