UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE FELIX GUADALUPE,<br><br>Defendant. | No. 2:18-cr-00240-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Noe Felix Guadalupe's ("Defendant") Motions to Dismiss the Indictment. (ECF Nos. 43, 44.) The Government filed oppositions. (ECF Nos. 48, 49.) Defendant filed a reply. (ECF No. 50.) For the reasons set forth below, the Court DENIES Defendant's motions.

///
///
///
///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Mexican citizen who first entered the United States without authorization in January 1997. (ECF No. 48 at 3.) On August 5, 1999, Defendant pleaded guilty to a second-degree felony violation of Utah Criminal Code § 58-37-8(1)(a)(ii): distribute/offer/arrange to distribute a controlled substance. (*Id.*) The state court records establish that the controlled substance was methamphetamine, a Schedule II controlled substance. (*Id.*)

After Defendant completed his sentence, immigration authorities detained him and placed him in removal proceedings. (*Id.*) On August 30, 1999, Defendant appeared for his initial hearing before an immigration judge. (*Id.*) Defendant admitted to entering the United States at or near Douglas, Arizona in January 1997. (*Id.*) The immigration judge advised Defendant of his rights, including that some non-citizens are permitted to depart the United States voluntarily rather than being removed.[1] (*Id.*) However, the judge informed Defendant that he would not receive this discretionary form of relief if he had been convicted of a crime within the preceding five years. (*Id.*) The immigration judge asked Defendant if he believed he qualified for voluntary departure. (*Id.*) Defendant did not indicate that he believed he qualified for this discretionary relief. (*Id.* at 4.) The immigration judge then advised Defendant that he could appeal a decision ordering his removal, or that he could waive any such appeal and be removed to Mexico as soon as possible. (*Id.*) Defendant did not indicate that he wished to appeal. (*Id.*) The immigration judge ordered Defendant removed from the United States, and immigration authorities executed the removal on September 7, 1999. (*Id.*)

Defendant unlawfully returned to the United States and was removed at least two more times, each time by reinstating Defendant's 1999 removal order. (*Id.*) The Indictment in this case alleges that Defendant was found in United States again and charges him with being a deported alien found in the United States in violation of 18 U.S.C. §§ 1326(a) and (b)(2).[2] (*Id.*)

---

[1]   Voluntary departure allows a non-citizen in removal proceedings to seek to avoid the consequences of a formal removal by asking the Attorney General in his or her discretion to permit voluntary departure from the United States. *See* 8 U.S.C. § 1229c; 8 C.F.R. § 1240.26.

[2]   Section 1326(a) makes it a crime when any alien who "has been denied admission, excluded, deported, or removed . . . thereafter enters, attempts to enter, or is at any time found in,

On May 5, 2022, Defendant filed two motions to dismiss the Indictment. (ECF Nos. 43, 44.) In the first motion, Defendant moves for dismissal based on a collateral attack of his 1999 removal order pursuant to 8 U.S.C. § 1326(d) ("§ 1326(d)"). (ECF No. 43.) In the second motion, Defendant argues 8 U.S.C. § 1326 ("§ 1326") is unconstitutional. (ECF No. 44.) The Court will address each motion in turn.

## II.     COLLATERAL ATTACK UNDER § 1326(D)

In his first motion to dismiss, Defendant collaterally attacks his 1999 removal order pursuant to § 1326(d).[3] (ECF No. 43.) "[Section 1326(d)] provides that defendants charged with unlawful reentry may not challenge their underlying removal orders unless they demonstrate that three conditions are met: (1) they have exhausted any administrative remedies, (2) they were deprived . . . of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620 (2021) (citation and internal quotation marks omitted). Defendants must meet all three prongs.[4] *Id.* at 1621. A removal order qualifies as fundamentally unfair under the third prong only "when the deportation proceeding violated the [non-citizen]'s due process rights and the [non-citizen] suffered prejudice as a result." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012).

As to the third prong, Defendant argues the 1999 removal order was fundamentally unfair because the immigration judge improperly advised him about his right to voluntary departure.

---

the United States" without appropriate authorization. 8 U.S.C. § 1326(a). Section 1326(b)(2) provides that any alien "whose removal was subsequent to a conviction for commission of an aggravated felony" shall be subject to criminal penalties for reentry. *Id.* § 1326(b)(2).

[3]     Defendant states that he "acknowledges that the arguments contained herein run contrary to controlling precedent from the Ninth Circuit and the U.S. Supreme Court." (ECF No. 43 at 1.) Defendant asserts that he is filing the instant motion "to preserve these challenges in the event that recent decisions are overturned." (*Id.* at 2.)

[4]     Defendant argues *Palomar-Santiago* was wrongly decided and the Ninth Circuit's previous rule excusing prongs one and two when the third prong is shown is the correct legal interpretation. (ECF No. 43 at 6.) Alternatively, Defendant argues he can meet all three prongs. (*Id.*) Because the Court concludes Defendant has not satisfied the third prong, the Court need not and does not address Defendant's remaining arguments.

3

(ECF No. 43 at 7.) In opposition, the Government argues Defendant was not eligible for voluntary departure and therefore had no right to be advised about it. (ECF No. 48 at 5.)

The Court agrees with the Government that Defendant has not shown the immigration judge's alleged failure to properly advise him about voluntary departure rendered the 1999 removal order fundamentally unfair within the meaning of § 1326(d). It is undisputed that a non-citizen who has been convicted of an aggravated felony (as defined at 8 U.S.C. § 1101(a)(43)) is ineligible for voluntary departure. *See* 8 U.S.C. § 1229c(a)(1); 8 C.F.R. §§ 1240.26(b)(1)(i)(E), (c)(1)(iii). Under the law in effect at the time of his 1999 removal proceeding, Defendant had an aggravated felony conviction for his violation of Utah Criminal Code § 58-37-8(1)(a)(ii), which involved the distribution of methamphetamine.[5] *See United States v. Lopes-Orellana*, 646 F. App'x 559, 560 (9th Cir. 2016) ("In 2008, [the defendant's] conviction under Utah Criminal Code § 58-37-8(1)(a)(ii) did qualify as an aggravated felony . . . ."). As such, in 1999, Defendant "was ineligible for voluntary departure, and the [immigration judge] had no duty to inform him of that form of relief." *Id.* at 560; *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1016 (9th Cir. 2013) ("[An immigration judge's] duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief at the time of the hearing.").

Accordingly, the Court DENIES Defendant's first motion to dismiss. (ECF No. 43.)

### III.   CONSTITUTIONALITY OF § 1326

In his second motion to dismiss, Defendant argues § 1326 violates the Equal Protection Clause because it was enacted with a discriminatory purpose and has a disparate impact on Mexican and Latinx individuals, which renders the statute presumptively unconstitutional under *Village of Arlington Heights v. Met. Housing Development Corp.*, 429 U.S. 252 (1977).[6] (ECF No. 44 at 4.) In opposition, the Government argues § 1326 survives rational basis review and is a constitutional exercise of Congress's authority to regulate immigration. (ECF No. 49 at 6.)

---

[5]   In his motion, Defendant refers to his conviction as "a misdemeanor drug offense." (ECF No. 43 at 2.) Defendant does not provide any evidence to support this assertion, nor does he address the Government's arguments or evidence in his reply. (*See* ECF No. 50.)

[6]   The Court acknowledges Defendant's request for an evidentiary hearing (ECF No. 44 at 23) but has determined this motion is suitable for decision without one. E.D. Cal. L.R. 430.1(h).

Neither party cites — nor can the Court locate — any binding authority on this issue. However, the Government cites many district court opinions that address identical constitutional challenges to § 1326. *See United States v. Muria-Palacios*, No. 2:21-CR-00023-JAM, 2022 WL 956275, at *1 (E.D. Cal. Mar. 30, 2022) (collecting cases). "Of the many district courts that have addressed these challenges, only one found that [§] 1326 does not pass constitutional muster and granted defendant's motion to dismiss the indictment." *Id.* (citing *United States v. Carrillo-Lopez*, Case No. 3:20-cr-00026-MMD-WGC, 2021 WL 3667330 (D. Nev. Aug. 18, 2021)). Notably, district courts have consistently disagreed with *Carrillo-Lopez*. *See, e.g.*, *United States v. Salas-Silva*, No. 3:20-CR-00054-RCJ-CLB, 2022 WL 2119098, at *2 (D. Nev. June 13, 2022); *United States v. Munoz-De La O*, No. 2:20-CR-00134-RMP-1, 2022 WL 508892, at *15 (E.D. Wash. Feb. 18, 2022).

After reviewing the parties' arguments and relevant authority, this Court agrees with the near-unanimous, well-reasoned decisions upholding § 1326. More specifically, the Court finds § 1326 survives rational basis review and the more stringent standard in *Arlington Heights*. Under rational basis review, "[§] 1326 clearly survives because deterring illegal immigration is a legitimate, rational government purpose directly advanced by the statute." *Muria-Palacios*, 2022 WL 956275, at *2. Under the *Arlington Heights* standard, Defendant has not shown that racial discrimination was a motivating factor in the applicable statute. *Ramos v. Wolf*, 975 F.3d 872, 896 (9th Cir. 2020) ("Under *Arlington Heights*, '[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'") (citing *Arlington Heights*, 429 U.S. at 265). Defendant's motion focuses on discriminatory animus tied to the repealed 1929 Undesirable Aliens Act (the "1929 Act") — not the 1952 enactment or the operative version of § 1326 that is at issue in this case. (ECF No. 44 at 9–19); *see Muria-Palacios*, 2022 WL 956275, at *2 (rejecting defendant's "argument that the legislative history of the repealed 1929 Act is controlling and later reenactments do not cleanse the law of its original taint"); *see also United States v. Sifuentes-Felix*, No. 21-cr-00337-WJM, 2022 WL 293228, at *2 (D. Colo. Feb. 1, 2022) ("As countless other courts have found, [ ] evidence [about the 1929 Act] bears little weight on [§] 1326, which was officially reenacted as a felony offense in 1952 as part

of the broader [Immigration and Nationality Act]."). Lastly, Defendant fails to convince the Court that the alleged disparate impact of § 1326 on Mexican and Latinx individuals renders the statute unconstitutional under the Equal Protection Clause. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1915 (2020) (rejecting an argument that the disparate impact of an immigration policy on Latinx individuals from Mexico showed discriminatory animus because otherwise "virtually any generally applicable immigration policy could be challenged on equal protection grounds").

Therefore, the Court DENIES Defendant's second motion to dismiss.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motions to Dismiss. (ECF Nos. 43, 44.)

IT IS SO ORDERED.

DATED:  June 23, 2022

Troy L. Nunley
United States District Judge